**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE AT GREENEVILLE**

CAROL FAYE SMITH, surviving spouse and    *
Administrator of the Estate of Robert Gail    *
Smith, deceased,    *
     *
       Plaintiff,    *
     *
VS.    *    Case No. _____
     *
WELLMONT PHYSICIAN SERVICES, INC.    *    Jury Demanded
d/b/a WELLMONT INFECTIOUS DISEASE,    *
GAIL L. STANLEY, M.D., HOLSTON    *
MEDICAL GROUP, P.C. and STEPHEN    *
MATTHEW BURKE, M.D.,    *
     *
       Defendants.    *

## COMPLAINT

The Plaintiff, Carol Faye Smith, as surviving spouse and Administrator for

the Estate of Robert Gail Smith, deceased, for her complaint against the Defendants,

Wellmont Physician Services, Inc. d/b/a Wellmont Infectious Disease, Gail L. Stanley,

M.D., Holston Medical Group, P.C. and Stephen Matthew Burke, M.D., says:

1. That the Plaintiff, Carol Faye Smith, is the surviving spouse and

Administrator for Robert Gail Smith (herein "Mr. Smith"), who died on the 10th day of

December, 2010. The Plaintiff is a citizen and resident of the State of Virginia residing

at 1709 Newton Street, Bristol, Virginia 24201.

2. The Defendant, Wellmont Physician Services, Inc. d/b/a Wellmont

Infectious Disease, is a Tennessee corporation doing business in the State of

Tennessee. The Defendant may be served through its registered agent for service of

process, Elizabeth S. Ward, 1905 American Way, Kingsport, Tennessee 37660.

3. The Defendant, Gail L. Stanley, M.D. (herein "Dr. Stanley"), is a physician licensed to practice in the State of Tennessee. At all times material, Dr. Stanley held herself out as a specialist in the specialty of infectious diseases. Dr. Stanley is an employee of the Defendant, Wellmont Physician Services, Inc. d/b/a Wellmont Infectious Disease, so that her acts of negligence are imputable to Wellmont Physician Services, Inc.

4. The Defendant, Holston Medical Group, P.C., is a professional corporation doing business in the State of Tennessee in Kingsport providing medical services in Kingsport and Bristol, Tennessee. Holston Medical Group, P.C. has an agent for service of process in the State of Tennessee identified as Scott R. Fowler, M.D. at 2323 North John B. Dennis Highway, Kingsport, Tennessee 37660-4771.

5. The Defendant, Stephen Matthew Burke, M.D. (herein "Dr. Burke"), is a physician licensed to practice medicine in the State of Tennessee. At all times material herein, the Defendant, Dr. Burke, held himself out as a specialist in the specialty of family practice medicine. Dr. Burke is an employee of Defendant, Holston Medical Group, P.C., so that his acts of negligence are imputable to Holston Medical Group, P.C.

6. This Court has jurisdiction of this matter pursuant to the provisions of 28 U.S.C.A. 1332 as there is complete diversity of citizenship between the Plaintiff and the Defendants.

7. Robert Gail Smith was admitted to Bristol Regional Medical Center on or about the 2nd day of June, 2010, at the direction of his primary care physician, Dr. Burke, when the results of an MRI indicated that Mr. Smith had possible multilevel

2

diskitis at L5-S1. The Defendant, Dr. Stanley, as an infectious disease specialist, was consulted regarding Mr. Smith's treatment. During the course of his hospital stay, Mr. Smith received two (2) antibiotics, Vancomycin and Rocephin.

8. When a biopsy of Mr. Smith's L5-S1 disk grew Methicillin-resistent Staphylococcus Aureus ("MRSA"), Dr. Stanley discontinued the Rocephin antibiotic and continued with the Vancomycin therapy. Mr. Smith was discharged from Bristol Regional Medical Center on June 7, 2010.

9. Pursuant to Dr. Stanley's instructions, Mr. Smith was prescribed a course of Vancomycin, 2000 mg q18 hours over the period of June 7 to July 15, 2010. During this course of treatment, Dr. Stanley and Dr. Burke monitored Mr. Smith's lab values. Dr. Burke ordered and signed the overall treatment plan by the Advanced Home Care agency. Dr. Stanley managed the course of treatment by ordering that the Vancomycin be held and then reinstated during the course of Mr. Smith's treatment.

10. Following this course of treatment, Mr. Smith continued to have back and neck pain. He called and visited Dr. Burke on multiple occasions, he sought and received consultation with an orthopaedist and made repeated complaints of continuing pain. Dr. Burke and his associate gave Mr. Smith steroid injections. He was never tested for the continuing presence of MRSA. Once it was completed, Dr. Stanley never evaluated her prescribed course of treatment for Mr. Smith. Indeed, Dr. Burke never asked Dr. Stanley to see Mr. Smith and never himself ordered appropriate tests to assess Mr. Smith's continuing problems or to ascertain the efficacy of the Vancomycin treatment.

3

11. Mr. Smith returned to Bristol Regional Medical Center on November 1, 2010. On the day of his admission, Mr. Smith presented to the emergency department of Bristol Regional Medical Center. Mr. Smith was disoriented, unable to sit or walk, or speak coherently and was experiencing severe pain in his back and neck. Mr. Smith received a CT scan of his spine which revealed possible diskitis and osteomyelitis. Mr. Smith was then admitted to Bristol Regional Medical Center intensive care unit in guarded condition. Further evaluation revealed that the infection had returned. Because the infection had advanced, Mr. Smith did not survive the infection and died on December 10, 2010.

12. Plaintiff would show that the Defendant, Dr. Stanley, deviated from the acceptable standard of medical care in Bristol, Tennessee, owed her patient by failing to perform requisite follow up examinations and tests to assure that Mr. Smith was cured of the infection.

13. Plaintiff would show that the Defendant, Dr. Burke, deviated from the acceptable standard of care owed his patient in Bristol, Tennessee, by failing to perform requisite follow up examinations and tests to assure that Mr. Smith was cured of the infection.

14. As a proximate cause of the negligence of the Defendants, the Plaintiff's husband, Mr. Smith, died on the 10th day of December, 2010. Plaintiff asserts that she has suffered loss of consortium

15. The Plaintiff has complied with the provisions *T.C.A.* § 29-26-121(a) by having mailed via certified mail notice of the claim to the Defendant, Wellmont Physician Services, Inc. d/b/a Wellmont Infectious Disease, at the address listed for the

4

Defendant's registered agent and Defendant's current business address, if different, which is evidenced by the Affidavits of Rita Farmer attached hereto as Exhibit "A" which state that such actions occurred, showing that notices were sent by certified mail to Wellmont Physician Services, Inc. d/b/a Wellmont Infectious Disease on October 27, 2011. Copies of the notices mailed are attached to the Affidavits of Rita Farmer. The Certificates of Mailing from the U.S. Postal Service, stamped with the date of mailing, is also attached to the Affidavits of Rita Farmer. The requirements of *T.C.A.* § 29-26-121(a) have been satisfied.

16. The Plaintiff has timely complied with the notice requirements of *T.C.A.* § 29-26-121(a) by giving notice and the documents required by said statute to Defendant, Wellmont Physician Services, Inc. d/b/a Wellmont Infectious Disease, more than 60 days prior to the filing of this Complaint.

17. The Plaintiff has complied with the provisions *T.C.A.* § 29-26-121(a) by having mailed via certified mail notice of the claim to the Defendant, Gail L. Stanley, M.D., at the address listed for the Defendant's registered agent and Defendant's current business address, if different, which is evidenced by the Affidavit of Rita Farmer attached hereto as Exhibit "B" which states that such actions occurred, showing that notice was sent by certified mail to Gail L. Stanley, M.D. on October 27, 2011, and when the same was returned undelivered, notice was again sent by certified mail within five (5) business days on November 10, 2011. Copies of the notices mailed are attached to the Affidavit of Rita Farmer. The Certificates of Mailing from the U.S. Postal Service, stamped with the date of mailing, is also attached to the Affidavit of Rita Farmer. The requirements of *T.C.A.* § 29-26-121(a) have been satisfied.

5

18. The Plaintiff has timely complied with the notice requirements of T.C.A. § 29-26-121(a) by giving notice and the documents required by said statute to Defendant, Gail L. Stanley, M.D., more than 60 days prior to the filing of this Complaint.

19. The Plaintiff has complied with the provisions T.C.A. § 29-26-121(a) by having mailed via certified mail notice of the claim to the Defendant, Holston Medical Group, P.C., at the address listed for the Defendant's registered agent and Defendant's current business address, if different, which is evidenced by the Affidavit of Rita Farmer attached hereto as Exhibit "C" which states that such actions occurred, showing that notice was sent by certified mail to Holston Medical Group, P.C. on October 27, 2011. A copy of the notice mailed is attached to the Affidavit of Rita Farmer. The Certificate of Mailing from the U.S. Postal Service, stamped with the date of mailing, is also attached to the Affidavit of Rita Farmer. The requirements of T.C.A. § 29-26-121(a) have been satisfied.

20. The Plaintiff has timely complied with the notice requirements of T.C.A. § 29-26-121(a) by giving notice and the documents required by said statute to Defendant, Holston Medical Group, P.C., more than 60 days prior to the filing of this Complaint.

21. The Plaintiff has complied with the provisions T.C.A. § 29-26-121(a) by having mailed via certified mail notice of the claim to the Defendant, Stephen Matthew Burke, M.D., at the address listed for the Defendant's registered agent and Defendant's current business address, if different, which is evidenced by the Affidavit of Rita Farmer attached hereto as Exhibit "D" which states that such actions occurred, showing that notice was sent by certified mail to Stephen Matthew Burke, M.D. on

6

October 27, 2011. A copy of the notice mailed is attached to the Affidavit of Rita Farmer. The Certificate of Mailing from the U.S. Postal Service, stamped with the date of mailing, is also attached to the Affidavit of Rita Farmer. The requirements of *T.C.A.* § 29-26-121(a) have been satisfied.

22. The Plaintiff has timely complied with the notice requirements of *T.C.A.* § 29-26-121(a) by giving notice and the documents required by said statute to Defendant, Stephen Matthew Burke, M.D., more than 60 days prior to the filing of this Complaint.

26. Plaintiff has complied with *T.C.A.* § 29-26-121(a) by attaching hereto as Exhibit "E" a Certificate of Good Faith in compliance with said statute.

WHEREFORE, Plaintiff, personally and as Administrator of the Estate of Robert Gail Smith, respectfully demands judgment against the Defendants in the amount of $5,000,000.00 and demands a jury to try this cause.

Respectfully submitted,

CAROL FAYE SMITH, surviving spouse and Administrator for the Estate of Robert Gail Smith

BY: _____
Olen G. Haynes, Sr., BPR #587
Arnold, Haynes & Sanders
P.O. Box 1879
Johnson City, TN 37605
423-928-0165

BY: _____
Mary Lynn Tate, VSB #16085
Tate Law, P.C.
16006 Porterfield Highway
Abingdon, VA 24210
276-628-5185

7