UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CAROL FAYE SMITH, surviving spouse and Administrator of the Estate of Robert Gail Smith, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )  NO.: 2:12-CV-72 ) |
| WELLMONT HEALTH SYSTEM, GAIL L. STANLEY, M.D., HOLSTON MEDICAL GROUP, P.C. and STEPHEN MATTHEW BURKE, M.D., | ) ) ) ) ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

This medical malpractice matter is before the Court on motions by all defendants for summary judgment, [Docs. 61, 64]. The plaintiff has responded, [Docs. 68 and 69], and the matter is ripe for review. For the reasons that follow, the motions are GRANTED.

**I. Background**

This Court entered a Scheduling Order, [Doc. 13], on May 15, 2012. That Order set an August 13, 2012 deadline to amend the pleadings and a November 19, 2012 deadline for plaintiff to disclose any experts. The plaintiff disclosed his only expert, Dr. Sheldon Markowitz, on November 19, 2012. On January 31, 2013, Defendants Wellmont Health System ("WHS") and Holston Medical Group, P.C. ("HMG") filed their motions for partial dismissal or partial summary judgment as to any theory or claim other than vicarious liability for Drs. Burke and Stanley. Then, the defendants deposed Dr. Markowitz on April 25, 2013, and all defendants

filed their motions to exclude or strike his testimony in May 2013. Plaintiff received an extension of time to respond until July 1, 2013. On June 3, 2013, the plaintiff moved to amend her Complaint to expand allegations of fault against HMG. The United States magistrate judge denied this request on June 20, 2013. Instead of responding to the motions to exclude or strike her expert, the plaintiff filed a motion to dismiss without prejudice, and this Court denied the motion. Then, the plaintiff filed a Motion to Amend the Scheduling Order to allow for disclosure of a new expert. The magistrate judge denied this request on September 20, 2013. Plaintiff objected to this Order, but this Court overruled the objection. These summary judgment motions followed.

## II. ANALYSIS

All defendants move for summary judgment arguing that, without expert proof, plaintiff cannot prove her claims. Her only expert has been excluded.

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a

2

showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is "merely colorable," or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

In this diversity action, Tennessee law applies. To prove medical malpractice, the plaintiff must establish: (1) the recognized standard of acceptable professional practice for the profession and specialty that the defendant practices in the community in which he practices or a similar community; (2) that the defendant acted with less than or failed to act with reasonable care in accordance with that standard; and (3) that, as a proximate result of the defendant's

3

negligence, the plaintiff's decedent suffered injuries which would not otherwise have occurred. Tenn. Code Ann. § 29-26-115. These elements must be established by expert medical testimony. *Bowman v. Hennard*, 547 S.W.2d 527, 530-31 (Tenn. 1977). All defendants moved to exclude or strike the testimony of plaintiff's only expert witness, Dr. Sheldon M. Markowitz, M.D. [Docs. 29 and 31], because they all claimed that plaintiff's expert was not qualified to give the expert medical testimony required pursuant to Tennessee Code Annotated section 29-26-115. This Court agreed and granted the motions.

Plaintiff admits in her Response that she "cannot proceed with trial without an expert." [Doc. 69, pg. 4]. Instead, the plaintiff reasserts her previous arguments why the Scheduling Order should be amended to allow for a new expert so that this case can be tried on the merits. This Court declines to revisit or overturn its previous rulings in this regard. Although this Court would prefer that suits be tried on the merits, the result here is mandated by the law applicable in this case. Because the plaintiff has no qualified expert to testify, she cannot prove her claims. The law requires that the Court grant summary judgment in favor of all defendants.

## III. CONCLUSION

For the reasons stated above, the motions are GRANTED, [Docs. 61 and 64]. The case against defendants is DISMISSED WITH PREJUDICE. A separate judgment shall enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

4